# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| VERNON WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 2:12-cv-82-JMS-WGH |
| | ) |
| A. SETZER, et al., | ) |
| | ) |
| Defendants. | ) |

## Entry Discussing Selected Matters

Vernon White is a federal inmate who alleges in this action brought pursuant to the theory recognized in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 38 (1971), that he has been denied needed medicine for his Marfans syndrome and seizures. He seeks injunctive relief and money damages.

The court has screened White's complaint pursuant to 28 U.S.C. § 1915A(b) and makes the following rulings:

1. The plaintiff's request to proceed *in forma pauperis* [3] is **granted.** The assessment of even an initial partial filing fee is not feasible at this time.

2. Pursuant to § 1915A(b), "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To avoid dismissal under this standard, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(internal quotations omitted). *Pro se* complaints such as that filed by White, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

3. "Because vicarious liability is inapplicable to *Bivens* . . . suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

      a.     The claim against Counselor A. Setzer is dismissed because he is not alleged to have personally caused the medical denial which is alleged in the complaint.

      b.     In addition, the handling or mishandling of White's grievances within the Federal Bureau of Prisons does not state a claim upon which relief may be granted. *See Antonelli v. Sheahan,* 81 F.3d 1422, 1430-31 (7th Cir. 1996).

      4.     No partial final judgment shall issue at this time as to the claims resolved in this Entry.

      5.     Warden Charles Lockett and "SHU Counselor" are listed as individual defendants on the docket sheet. Review of the caption reflects that these individuals are not intended as defendants in this action. *Myles v. United States,* 416 F.3d 551, 551-52 (7th Cir. 2005) ("to make someone a party the plaintiff must specify him in the caption and arrange for service of process.")(citing Fed. R. Civ. P. 10(a) ("In the complaint the title of the action shall include the names of all the parties")). The clerk shall *terminate Warden Charles Lockett and "SHU Counselor" as defendants on the docket.*

      6.     The clerk is designated pursuant to *Fed. R. Civ. P.* 4(c)(2) to issue process to Dr. Roger Jones and Dr. Wilson. Process shall consist of a summons. **Personal service is required**. *Robinson v. Turner,* 15 F.3d 82 (7th Cir. 1994). The Marshal for this District or his Deputy shall serve the summons, together with a copy of the complaint and a copy of this Entry, on the defendants and on the officials designated pursuant to *Fed. R. Civ. P.* 4(i)(2), at the expense of the United States.

**IT IS SO ORDERED.**

Date: 05/11/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Vernon White, No. 90189-111, Terre Haute U.S.P., Inmate Mail/Parcels,
    P.O. Box 33, Terre Haute, IN 47808
United States Marshal, 46 East Ohio Street, 179 U.S. Courthouse,
    Indianapolis, IN 46204

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.