### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| VERNON WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:12-cv-82-JMS-WGH |
| | ) | |
| DR. WILSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### Entry Granting Motion for Summary Judgment

For the reasons explained in this Entry, the defendants' motion for summary judgment [16] must be **granted.**

### Background

The plaintiff in this civil rights action is Vernon White, an inmate at the Federal Correctional Complex in Terre Haute, Indiana ("FCC"). The FCC is a prison complex operated by the Federal Bureau of Prisons ("BOP"). The moving defendants, Dr. Roger Jones and Dr. Wilson, are physicians employed by the BOP to provide medical care to inmates at the FCC, including White.

White's claim is that the defendants have denied him constitutionally adequate medical care. His claim is asserted pursuant to the theory recognized in ***Bivens v. Six Unknown Named Agents,*** 403 U.S. 388 (1971). The moving defendants have appeared by counsel and, as noted, have filed a motion for summary judgment.

### Discussion

Summary judgment should be granted Aif the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law.@ ***Fed. R. Civ. P.*** 56(a). A "material fact" is one that "might affect the outcome of the suit." ***Anderson v. Liberty Lobby, Inc.,*** 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. ***Id.*** If no reasonable jury could find for the non-moving party, then there is no Agenuine@ dispute. ***Scott v. Harris,*** 127 S. Ct. 1769, 1776 (2007). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant=s favor. ***Ault v. Speicher***, 634 F.3d 942, 945 (7th Cir. 2011).

AThe applicable substantive law will dictate which facts are material.@ *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is this: The Prison Litigation Reform Act (APLRA@) requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. ' 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). A[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.@ *Id.* at 532 (citation omitted).

"[T]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock,* 549 U.S. 199, 212 (2007). The exhaustion requirement of the PLRA is one of "proper exhaustion" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means that the prisoner plaintiff must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Id.* at 84; *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)).

White has not opposed the motion for summary judgment. The consequence of his failure to do so is that he has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

The BOP has promulgated an administrative remedy system which is the process by which an inmate may seek formal review of a complaint related to any aspect of his confinement. *See* 28 C.F.R. §§ 542.10, *et seq.*, and BOP Program Statement (PS) 1330.17, *Administrative Remedy Program*. Inmates have access to BOP Program Statement 1330.17 through the institution law library and the administrative remedy filing procedures are outlined in an Inmate Information Handbook provided to all inmates upon initial intake to the FCC. The sequence and details of the BOP exhaustion procedure are the following:

● To exhaust his remedies, an inmate must file an administrative remedy with the Warden, the Regional Director, and with the General Counsel. The inmate is required to first address his complaint to the Warden

within 20 calendar days following the date on which the incident at issue occurred.

● If the inmate is dissatisfied with the Warden's response, he may appeal to the Regional Director within 20 calendar days of the date the Warden signed the response.

● If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel within 30 calendar days of the date the Regional Director signed the response.

● Once an inmate receives a response to his appeal from the General Counsel after filing administrative remedies at all three levels, his administrative remedies are exhausted as to the specific issues raised. The inmate may then file a civil action if he is dissatisfied with the General Counsel's response.

White's claim in this lawsuit is within the scope of the BOP grievance procedure just described. On February 27, 2012, White filed Administrative Remedy No. 677565-F1 at the institution level regarding healthcare issues. After an extension for the institution's response was obtained, the Warden responded to White's Administrative Remedy on April 5, 2012. This response indicated that a review of White's medical record revealed that he had been evaluated on a regular basis by his primary healthcare team, neurological specialists, and cardiac specialists outside of the facility, that he had been placed in the local hospital for specialized evaluation and treatment of his medical complaints, and that he had been receiving appropriate, extensive and specialized healthcare for his medical complaints.

White was notified in the response that if he was dissatisfied with the response, he could appeal the issue to the Regional Director, Kansas City, Kansas, within 20 days of the date of the response. White did not appeal the institution level response to Administrative Remedy No. 677565-F1 to the regional level before this lawsuit was filed on March 28, 2012. White did not exhaust all three required levels of the administrative process.

The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that White's action should not have been brought and must now be dismissed without prejudice. **See Ford v. Johnson,** 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that **all** dismissals under § 1997e(a) should be without prejudice."); **Pozo v. McCaughtry,** 286 F.3d 1022, 1024 (7th Cir. 2002) (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating").

## Conclusion

For the reasons explained above, the motion for summary judgment [16] is **granted.** The claims against Dr. Roger Jones and Dr. Wilson are dismissed without prejudice. The claim against A. Setzer is dismissed with prejudice. Judgment consistent with this Entry and with the Entry issued on May 11, 2012, shall now issue.

**IT IS SO ORDERED.**

Date: 12/18/2012

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

Vernon White
No. 90189-111
Terre Haute U.S.P.
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808

All electronically registered counsel